```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
                                     :
DWAYNE JONES,                        :
                                     :
                Plaintiff,           :
                                                11 Civ. 4477 (PAC) (AJP)
         -against-                   :
                                                REPORT AND RECOMMENDATION
THE NEW YORK DEPARTMENT OF           :
CORRECTIONS (DOC) JAIL,              :
                                     :
                Defendant.           :
                                     :
------------------------------------x
```

**ANDREW J. PECK, United States Magistrate Judge:**

**To the Honorable Paul A. Crotty, United States District Judge:**

Pro se plaintiff Dwayne Jones, an inmate in the custody of the Department of Correctional Services, brings this § 1983 action against the New York City Department of Corrections ("DOC"), alleging that he was illegally strip-searched while incarcerated. (Dkt. No. 2: Compl.) Presently before the Court is the City's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that Jones' claims are barred by the statute of limitations. (Dkt. No. 16: Motion to Dismiss; see also Dkt. Nos. 14-15.) For the reasons stated below, the City's motion to dismiss should be GRANTED and Jones' complaint should be dismissed with prejudice.

## FACTS

Jones' complaint alleges that he was strip-searched while incarcerated at the Anna M. Kross Center at Rikers Island Correctional Facility on October 15, 2003 and April 14, 2006. (Dkt. No. 2: Compl. ¶ II(A)-(D).) Jones' complaint is dated May 19, 2011, and was received by the

Court's Pro Se Office on June 15, 2011. (Compl. at pp. 1, 7.) Jones alleges that he was strip-searched in an open dormitory in front of forty-nine other detainees during a random search of the housing unit. (Compl. ¶ II(D).) As a result of the strip-search, Jones alleges that he suffered mental anguish and emotional damages, and received and continues to receive mental health treatment. (Compl. ¶ III.) Jones seeks $1,000,000 in compensation for his injuries.[1] (Compl. ¶ V.)

---

[1] Jones' complaint also requests the same relief granted to the settlement class in McBean v. City of N.Y., 02 Civ. 5426, Dkt. No. 294: J. Koeltl 10/21/10 Order (S.D.N.Y. Oct. 21, 2010). (Compl. ¶ V.) Jones alleges that he did not receive payment from that settlement because he was misled as to the claim filing deadline. (Compl. ¶ V & p. 9.) In support of this claim, Jones attaches an April 22, 2011 letter from the Emery Celli law firm stating that the deadline for filing a claim for payment in the McBean settlement was December 15, 2010. (Compl. at p. 9: Emery Celli 4/22/11 Letter.) Because the Emery Celli letter was sent months after the deadline for filing a claim had passed, it cannot justify Jones' failure to comply with the McBean deadline. Moreover, although the addressee's name is redacted, the Emery Celli letter was addressed to a "Ms." (Emery Celli 4/22/11 Letter), and clearly was not addressed to Jones, a male. Absent a showing of good faith and a reasonable basis for non-compliance, Jones would not be excused for failing to meet a deadline in a class action. See, e.g., In re Adelphia Commc'ns Corp. Sec. & Derivatives Litig., 271 F. App'x 41, 44 (2d Cir. 2008) ("'Excusable neglect may be found where the relevant circumstances reveal inadvertent delays, mistakes, or carelessness. . . . To establish excusable neglect, however, a movant must show good faith and a reasonable basis for noncompliance.'"). Moreover, if Jones is seeking equitable relief to file a late claim in the McBean class action, such a request should be made to the McBean court. Indeed, certain late claimants were paid in McBean. (E.g., 02 Civ. 5426, Dkt. No. 408.) Jones' failure to seek or obtain payment in McBean cannot justify a claim in this case that otherwise is time-barred.

## ANALYSIS

**I.     THE STANDARDS GOVERNING A MOTION TO DISMISS**

    **A.     The Twombly-Iqbal "Plausibility" Standard**

In two decisions in the last few years, the Supreme Court significantly clarified the standard for a motion to dismiss, as follows:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in <u>Twombly</u>, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it <u>demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation</u>. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."
>
> To survive a motion to dismiss, <u>a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."</u> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"
>
> Two working principles underlie our decision in <u>Twombly</u>. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. <u>Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice</u>. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. <u>Second, only a complaint that states a plausible claim for relief survives a motion to dismiss</u>. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief."

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949-50 (2009) (citations omitted & emphasis added) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556-57, 570, 127 S. Ct. 1955, 1965-66, 1974 (2007) (retiring the Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957), pleading standard that required denying a Rule 12(b)(6) motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.")).[2]

## II.    JONES' CLAIM SHOULD BE DISMISSED AS TIME-BARRED

The statute of limitations for a § 1983 action is three years. See, e.g., Donaldson v. N.Y.C. Dep't of Educ., No. 10-1364-cv, 2011 WL 4508735 at *1 (2d Cir. Sept. 30, 2011) (Plaintiff's "complaint falls well outside the three-year statute of limitations for section 1983 claims brought in New York." (citing Patterson v. Cnty. of Oneida, 375 F.3d 206, 225 (2d Cir. 2004))); Harper v. City of N.Y., 424 F. App'x 36, 39 (2d Cir. 2011) (statute of limitations for § 1983 claims is three years, which begins to run when plaintiff knows or has reason to know of the harm); Storman v.

---

[2]   Accord, e.g., Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009); Lindner v. Int'l Bus. Machs. Corp., 06 Civ. 4751, 2008 WL 2461934 at *3 (S.D.N.Y. June 18, 2008); Joseph v. Terrence Cardinal Cooke Health Care Ctr., 07 Civ. 9325, 2008 WL 892508 at *1 (S.D.N.Y. Apr. 2, 2008); Elektra Entm't Grp., Inc. v. Barker, 551 F. Supp. 2d 234, 237 (S.D.N.Y. 2008); Edison Fund v. Cogent Inv. Strategies Fund, Ltd., 551 F. Supp. 2d 210, 216-17 (S.D.N.Y. 2008); Diana Allen Life Ins. Trust v. BP P.L.C., 06 Civ. 14209, 2008 WL 878190 at *3 (S.D.N.Y. Mar. 31, 2008) (Crotty, D.J.).

5

Klein, 395 F. App'x 790, 792 (2d Cir. 2010); Corona Realty Holding, LLC v. Town of N. Hempstead, 382 F. App'x 70, 72 (2d Cir. 2010); Mancuso v. Hynes, 379 F. App'x 60, 61 (2d Cir. 2010); Walker v. Jastremski, 430 F.3d 560, 561 (2d Cir. 2005), cert. denied, 547 U.S. 1101, 127 S. Ct. 1887 (2006); Patterson v. Cnty. of Oneida, 375 F.3d at 225; Warren v. Altieri, 59 F. App'x 426, 427 (2d Cir. 2003) (Plaintiff's "§ 1983 action is governed by New York's three-year statute of limitations as set out in N.Y. C.P.L.R. § 214, the provision applicable to actions for personal injury.").[3/]

Jones' complaint alleges that he was strip-searched on October 15, 2003 and April 14, 2006. (See page 2 above.) Thus, the three-year statute of limitations for Jones' later claim expired on April 14, 2009. Jones' complaint is dated May 19, 2011, and in the absence of any other indication, the complaint is deemed filed on that date under the prison mailbox rule. See, e.g., Flemming v. New York, 421 F. App'x 42, 43 (2d Cir. 2011); Tafari v. McGinnis, 328 F. App'x 21, 22 (2d Cir. 2009); Hardy v. Conway, 162 F. App'x 61, 62 (2d Cir. 2006) ("[I]n the absence of contrary evidence, district courts in this circuit have tended to assume that prisoners' papers were given to prison officials on the date of their signing." (citing cases)); Walker v. Jastremski, 430 F.3d at 562-63; Rosario v. Bennett, 01 Civ. 7142, 2002 WL 31852827 at *14 (S.D.N.Y. Dec. 20, 2002)

---

[3/] See also, e.g., Pearl v. City of Long Beach, 296 F.3d 76, 79 (2d Cir. 2002), cert. denied, 538 U.S. 922, 123 S. Ct. 1574 (2003); Paige v. Police Dep't, 264 F.3d 197, 199 n.2 (2d Cir. 2001); Connolly v. McCall, 254 F.3d 36, 40-41 (2d Cir. 2001); Robinson v. Fischer, 09 Civ. 8882, 2010 WL 5376204 at *5 (S.D.N.Y. Dec. 29, 2010) (Peck, M.J.); Cotto v. Pabon, 07 Civ. 7656, 2008 WL 4962986 at *5 (S.D.N.Y. Nov. 20, 2008) (Peck, M.J.); Denis v. N.Y.S. Dep't of Corr. Servs., 05 Civ. 4495, 2006 WL 217926 at *11 (S.D.N.Y. Jan. 30, 2006) (Peck, M.J.), report & rec. adopted, 2006 WL 406313 (S.D.N.Y. Feb. 22, 2006).

(Peck, M.J.) (under the "federal 'prisoner mailbox rule,'" incarcerated pro se litigants are deemed to have filed their federal civil complaints and federal habeas petitions on the date the papers were handed to prison officials for mailing (citing Houston v. Lack, 487 U.S. 266, 276, 108 S. Ct. 2379, 2385 (1988))).[4/]

Jones claims that the statute of limitations should be tolled because he suffered mental anguish that caused him "mania and depression." (Dkt. No. 17: Jones 11/4/11 Aff. ¶¶ 4-8.) In support of this claim, Jones attaches Correctional Health Services medical records from September 14, 2010 indicating that Jones suffered from bipolar disorder and was depressed. (Jones 11/4/11 Aff. Ex. A: 9/14/10 Psychiatry-Medication Reevaluation Form.)  To be sure, a medical condition or mental impairment may warrant equitable tolling of the statute of limitations where the impairment has prevented the plaintiff from proceeding in a timely fashion.  See, e.g., Baroor v. N.Y.C. Dep't of Educ., 362 F. App'x 157, 160 (2d Cir. 2010) ("[T]he statute of limitations period

---

[4/]    See also, e.g., United States v. Montoya, 335 F.3d 73, 75-76 (2d Cir. 2003); Noble v. Kelly, 246 F.3d 93, 97 (2d Cir.), cert. denied, 534 U.S. 886, 122 S. Ct. 197 (2001); Pitterson v. Lee, 10 Civ. 7289, 2011 WL 3370393 at *4 (S.D.N.Y. July 29, 2011), report & rec. adopted, 2011 WL 4595197 (S.D.N.Y. Sept. 26, 2011); Cordova-Diaz v. Brown, 10 Civ. 5133, 2011 WL 723575 at *1 n.1 (S.D.N.Y. Feb. 8, 2011); Devison v. Cunningham, 09 Civ. 1031, 2010 WL 5060728 at *1 n.1 (S.D.N.Y. Dec. 8, 2010); Giles v. Smith, 10 Civ. 5322, 2010 WL 4159468 at *2 n.2 (S.D.N.Y. Oct. 8, 2010); Hill v. Melvin, 05 Civ. 6645, 2006 WL 1749520 at *6 (S.D.N.Y. June 27, 2006) (Peck, M.J.), aff'd, 323 F. App'x 61 (2d Cir. 2009); Denis v. N.Y.S. Dep't of Corr. Servs., 2006 WL 217926 at *11; Hill v. Senkowski, 409 F. Supp. 2d 222, 229 (W.D.N.Y. 2006); Bordas v. Greiner, 04 Civ. 8904, 2005 WL 3071461 at *2 (S.D.N.Y. Nov. 14, 2005); Shomo v. City of N.Y., 03 Civ. 10213, 2005 WL 756834 at *3 (S.D.N.Y. Apr. 4, 2005); Dawkins v. Jones, 03 Civ. 0068, 2005 WL 196537 at *8 (S.D.N.Y. Jan. 31, 2005) (Peck, M.J.); Coble v. Stinson, No. 97-CV-0717, 2004 WL 1454392 at *1 n.4 (W.D.N.Y. June 23, 2004); Moreno-Castillo v. United States, 02 Civ. 2858, 2003 WL 23109747 at *1 n.1 (S.D.N.Y. Dec. 31, 2003).

[for § 1983 claims] may be extended '[i]f a person entitled to commence an action is under a disability because of infancy or insanity at the time the cause of action accrues.'" (citing C.P.L.R § 208)).[5/] Jones' September 14, 2010 diagnosis, however, was made more than one year after the statute of limitations expired on April 14, 2009.  (See page 5 above.)  Thus, Jones is not entitled to equitable tolling because he has failed to show that his mental issues prevented him from timely filing his § 1983 claim.  See, e.g., Viti v. Guardian Life Ins. Co. of Am., 10 Civ. 2908, --- F. Supp. 2d ----, 2011 WL 4005292 at *13 (S.D.N.Y. Aug. 31, 2011) ("'Where a plaintiff suffers from a chronic mental illness, he must show that he was actually impaired during the relevant time period.' '[C]ourts have repeatedly refused to apply equitable tolling where a plaintiff has evidenced an ability to pursue his or her legal rights during the relevant period.'" (citation omitted)); Apionishev v. Columbia Univ., 2011 WL 1197637 at *4 ("[T]he burden of demonstrating the appropriateness of equitable tolling lies with the plaintiff.  Specifically, a plaintiff must establish through his pleadings how the particular disability 'severely impair[ed] [his] ability to comply with the filing deadline, despite [his] diligent effort to do so.'" (fn. omitted)); Rhodes v. Senkowski, 82 F. Supp. at 169-70

---

[5/]   See also, e.g., Zerilli-Edelglass v. N.Y.C. Transit Auth., 333 F.3d 74, 80 (2d Cir. 2003) ("Equitable tolling is generally considered appropriate . . . where a plaintiff's medical condition or mental impairment prevented her from proceeding in a timely fashion."); Brown v. Parkchester S. Condos., 287 F.3d 58, 60 (2d Cir. 2002) (Sotomayor, C.J.) ("[E]quitable tolling may be appropriate where the plaintiff's failure to comply with the statute of limitations is attributable to the plaintiff's medical condition."); Joe v. Moe, 10 Civ. 4417, 2011 WL 2416882 at *4 (S.D.N.Y. June 1, 2011); Apionishev v. Columbia Univ., 09 Civ. 6471, 2011 WL 1197637 at *4 (S.D.N.Y. Mar. 25, 2011); Rhodes v. Senkowski, 82 F. Supp. 2d 160, 168 (S.D.N.Y. 2000) (Buchwald, D.J. & Peck, M.J.) ("[C]ourts have found that '[i]llness may be an exceptional circumstance [that can toll a statute of limitations] when it has prevented the party from pursuing her legal rights.'").

(Plaintiff "must show that these medical problems rendered him unable to pursue his legal rights during the relevant time period.").

Finally, Jones cites to a state decision in a case for negligent infliction of emotional distress for the proposition that the statute of limitations should not commence to run until the plaintiff discovers the injury. (Jones 11/4/11 Aff. ¶¶ 6-8.) That proposition is of no help to Jones here: even if that applied to a § 1983 claim (which it does not), Jones obviously knew he was strip-searched at the time of the strip-search.

Accordingly, because Jones' complaint was filed on May 19, 2011, more than two years after the statute of limitations expired on April 14, 2009, and Jones is not entitled to equitable tolling, Jones' strip search claims should be dismissed with prejudice as time barred.

## CONCLUSION

For the reasons stated above, the City's motion to dismiss (Dkt. No. 16) should be GRANTED, and Jones' complaint dismissed with prejudice as time barred.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6.[6/] Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable

---

[6/] If the pro se plaintiff requires copies of any of the cases reported only in Westlaw, plaintiff should request copies from defense counsel. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009); SDNY-EDNY Local Civil Rule 7.2.

Paul A. Crotty, 500 Pearl Street, Room 735, and to my chambers, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge Crotty (with a courtesy copy to my chambers). Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822, 115 S. Ct. 86 (1994); Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.), cert. denied, 506 U.S. 1038, 113 S. Ct. 825 (1992); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated:     New York, New York
           November 22, 2011

Respectfully submitted,

**Andrew J. Peck**
United States Magistrate Judge

Copies to:  Dwayne Jones
            Virginia J. Nimick, Esq.
            Judge Paul A. Crotty