UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

```
                                                    USDC SDNY
                                                    DOCUMENT
                                                    ELECTRONICALLY FILED
                                                    DOC #: _____
                                                    DATE FILED: April 12, 2012
```

DWAYNE JONES,                                  :

              Plaintiff,      :         11 Civ. 4477 (PAC) (AJP)

     -against-                                :         <u>ORDER ADOPTING R&R</u>

                                        :

THE NEW YORK DEPARMENT OF
CORRECTIONS (DOC) JAIL,                     :

              Defendant.      :

-------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

On May 19, 2011, pro se plaintiff Dwayne Jones ("Jones") filed this § 1983 action against the New York City Department of Corrections ("Defendant"), claiming that he was illegally strip-searched on October 15, 2003 and April 14, 2006 while incarcerated at Rikers Island Correctional Facility.[1]  On October 21, 2011, Defendant moved to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), arguing that Jones's claims are barred by the statute of limitations and the Prison Litigation Reform Act, 42 U.S.C. § 1997(e).

On November 11, 2011, Magistrate Judge Andrew J. Peck issued a Report and Recommendation ("R&R"), recommending that the Court grant Defendant's motion and dismiss Jones's complaint with prejudice as time barred.  On December 30, 2011, Jones filed objections to the R&R.

For the reasons that follow, the Court adopts Magistrate Judge Peck's Report and Recommendation in its entirety.  Jones's claims are, therefore, DISMISSED WITH PREJUDICE.

---

[1]  While dated May 19, 2011, Jones's complaint was not received by the pro se office until June 15, 2011.

1

## DISCUSSION[2]

**I.    Magistrate Judge Peck's R&R**

"The statute of limitations for a § 1983 action is three years." Donaldson v. N.Y.C. Dep't of Educ., No. 10-1364-cv, 2011 WL 4508735 at *1 (2d Cir. Sept. 30, 2011). Since Jones claims to have been strip-searched on October 15, 2003 and April 14, 2006, he had until April 14, 2009 to file a claim relating to the later strip-search. Jones, however, did not file the instant action until May 19, 2011. Accordingly, Magistrate Judge Peck determined that Jones's complaint was time barred. (R&R 5-6.)

The statute of limitations may, however, be equitably tolled where a medical condition prevents a plaintiff from proceeding in a timely fashion. See Baroor v. N.Y.C. Dep't of Educ., 362 Fed. App'x 157, 160 (2d Cir. 2010). Jones argued that the limitations period should be tolled and attached a September 14, 2010 medical record indicating that Jones suffered from bipolar disorder and was depressed. Magistrate Judge Peck noted that the medical records were dated over a year after the statute of limitations expired, and found that Jones "failed to show that his mental issues prevented him from timely filing his § 1983 claim." (R&R 7.) Accordingly, he recommended Jones's claims be dismissed with prejudice. (Id.)

**II.    Standard of Review**

In reviewing a report and recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "The district court may adopt those portions of the report to which no timely objection has been made, so long as there is no clear error on the face of the record." Feehan v. Feehan, No. 09 Civ. 7016 (DAB), 2001 WL 497776, at *1 (S.D.N.Y. Feb. 10, 2011). Where a party makes a timely "specific written objection," the district court is obligated to review the contested issues *de novo*. Greene v. WCI Holdings Corp., 956 F. Supp 509, 513 (S.D.N.Y 1997).

---

[2] Facts are taken from the R&R unless otherwise indicated.

### III. Jones's Objection

On December 11, 2011, Jones filed an objection to the R&R,[3] arguing that his claims should be tolled and attaching four pages of new medical records,[4] dated April 15, 2011, providing information dating back to March 14, 2008, which he argued demonstrate that he was "insane" during the relevant time. Generally, courts do not consider new arguments and new evidence raised in objections to a magistrate judge's report and recommendation that were not raised, and thus were not considered, by the magistrate judge. See Illis v. Artus, No. 06–CV–3077(SLT)(KAM), 2009 U.S. Dist. LEXIS 77596, at *3 (E.D.N.Y. Aug. 28, 2009). In any event, Jones new argument of "insanity" is unsubstantiated, as his "new" evidence reflects that he abuses drugs, fails to take appropriate medication—although when he does he was lucid for at least a portion of the relevant time—and fails to "meet the criteria for a major depressive episode, mania or hypomania." (Jones Obj. Ex. pg 1 of 10.) Jones's new submissions fall well short of demonstrating that tolling is warranted.

Under New York's Civil Practice Laws and Rules, tolling is permitted where "a person entitled to commence an action is under a disability because of infancy or insanity at the time the action accrues." N.Y. C.P.L.R. § 208. The "insanity" provision has been interpreted narrowly because "the legislature meant to extend the toll for insanity only to those individuals who are unable to protect their legal rights because of an over-all inability to function in society." McCarthy v. Volkswagen of Am., 55 N.Y.2d 543, 548 (1982). Further, a plaintiff must show that he "was continuously insane throughout the entire statute of limitations period in question. If a plaintiff has a lucid interval of significant duration, preceded and followed by a period of insanity, the toll is lost and is not resurrected when a plaintiff relapses into insanity." Apionishev v. Columbia Univ., No. 09 Civ. 6471 (SAS), 2011 U.S. Dist. LEXIS 31987 (S.D.N.Y. Mar. 25, 2011) (quoting Marshall v. Downey, No. 09 Civ. 1764, 2010 WL 5464270, at *5-6 (E.D.N.Y. Dec. 27, 2010)).

---

[3] Jones's objections were received on December 19, 2011.
[4] The attached records include only pages 1-4 of a 10 page document; Jones did not provide pages 5-10.

Similarly, to qualify for equitable tolling, Jones "must show that he was actually impaired during the relevant time period." Viti v. Guardian Life Ins. Co. of Am., 817 F. Supp. 2d 214, 229 (S.D.N.Y. 2011).

Jones has not demonstrated that he was actually and continuously impaired between April 14, 2006 and April 14, 2009, such that he was unable to protect his legal rights during this time. Although Jones's records state that he was diagnosed with bipolar disease as early as 2003, the records also reflect that Jones has, for the most part, received only short-term out-patient treatment, and does not "meet the criteria for major depressive episodes, mania or hypomania." (Jones Obj. Ex. pg 3 of 10). Moreover, Jones's mental health report on January 9, 2009, four months before the statute of limitations would expire, indicated that Jones "reported that he takes medications for his bipolar disorder" to keep him from feeling "off balance," and his mood, appetite, and sleep were currently "good." (Jones Obj. Ex. pg 3–4 of 10). Jones has not explained how his bipolar disorder impaired his ability to file a complaint between April 14, 2006 and April 14, 2009—particularly in light of the fact that he was taking his medication during that time—or how any such impairment was alleviated in May 2011 when Jones filed the instant action. See Rios v. Mazzuca, 78 Fed. App'x 742, 744 (2d Cir. 2003) (rejecting equitable tolling argument where there was no "documentation that [plaintiff's] mental illness kept him from acting with diligence throughout the many years that need be tolled for his petition to be timely" and where there was no suggestion "that [plaintiff's] condition abated or even improved prior to his filing a habeas petition"); see also Wenzel v. Nassau Cnt'y Police Dept., 914 F.Supp. 902, 904 (E.D.N.Y.1996) (rejecting statutory tolling argument based on plaintiff's "bouts of depression, apathy and anxiety" because there was no evidence that plaintiff's illness impacted ability her ability to file suit). Accordingly, Jones's attempts to toll the statute of limitations fail.

## CONCLUSION

For the foregoing reasons, the Court adopts Magistrate Judge Peck's R&R in its entirety, and DISMISSES Jones' complaint with prejudice. Pursuant to 28 U.S.C § 1915(a), I find that any appeal from this order would not be taken in good faith.

The Clerk of the Court is directed to enter judgment and close this case.

Dated: New York, New York
April 12, 2012

SO ORDERED

*[signature]*

PAUL A. CROTTY
United States District Judge

Copies to:

Dwayne Jones
Collins Correctional Facility,
P.O. Box 340,
Collins, New York, 14034-0340
DIN: 11A1561